JEANETTE H. KAPLAN and Others, Respondents, *v.* ARMIN HERMAN and Another, Appellants.

First Department, May 29, 1931.

*B. H. Ames* of counsel [*James L. Quackenbush,* attorney], for the appellant Interborough Rapid Transit Company.

*Leo C. Weiler* of counsel [*Max Ash* with him on the brief; *William E. Lowther,* attorney], for the appellant Armin Herman.

*Fred P. Harrington* of counsel [*Jacob Kaplan,* attorney], for the respondents.

SHERMAN, J. Plaintiffs were guests of defendant Herman who was driving an automobile northwardly on Jerome avenue when it collided with a pillar supporting the elevated railroad at or near Two Hundredth street, in the borough of The Bronx. The structure (which is part of the subway) is located on private property in the vicinity of Two Hundredth street, where it turns in an easterly direction and then continues north on Jerome avenue. The pillar with which the car came in contact is the first of a series extending north on Jerome avenue and is located about seventeen feet west of the easterly curb of Jerome avenue and about five feet east of the rails of the north-bound trolley tracks in Jerome avenue. The proof shows that the accident occurred in the night time during misty and rainy weather, the appellant Herman claiming that while proceeding with his car partially on the north-bound tracks, another car compelled him to turn his automobile quickly to the right so that the car crashed into the pillar. Judgment has been entered upon a verdict in plaintiff's favor against Herman, the owner and driver of the car, and the Interborough Rapid Transit Company, the lessee of the subway. There is ample evidence of negligence on the part of the defendant Herman due to the manner in which he controlled the automobile.

The corporate defendant was charged with negligence in the maintenance of the pillar and structure without adequate warning of its existence to those who might use the highway.

The railway and structure were constructed by the city of New York under legislative authority and leased for operation to the Interborough Company by contracts in evidence, made pursuant to the Rapid Transit Act (Laws of 1891, chap. 4, as amd.).

Chapter 498 of the Laws of 1909, which amended section 63* of chapter 4 of the Laws of 1891, provides as follows:

" § 63. Proviso in case road constructed by city.—Any railroad * * * so constructed by and at the city's expense * * * shall be and be deemed a part of the public streets and highways of said city, to be used and enjoyed by the public upon the payment of such fares," etc.

The columns of that structure are substantially like the pillars erected to support elevated railways upon various highways in the city of New York many years prior to the construction of this rapid transit system. In 1922 an ordinance of the city of New York was enacted requiring that the supporting columns of railroad structures located at such points in the roadways or streets as to constitute a menace to vehicular traffic, be painted black and white in such manner as shall be determined by the president of the borough in which they are located. This column, having been designated by the engineer of the bureau of highways of the city of New York and by the engineers of the Transit Commission, was required to be painted with stripes, so as to call attention to its existence. This ordinance was complied with in 1922 and the corporate defendant claims that the pillar was frequently repainted and striped. There was evidence which, if credited by the jury, established that the striping on this pillar had been allowed to become faint, so that the marking was inadequate. The Interborough Company produced in its behalf testimony tending to show the contrary. An issue of fact was thus created which was properly submitted to the jury.

The above-mentioned ordinance (Code of Ordinances of City of New York, chap. 23, art. 20, § 270, approved Dec. 2, 1922, amd. by ordinance approved July 19, 1923) further provided that, " * * * at night, where directed by the president of the borough, there shall be displayed a light of sufficient illuminating power to be visible at a distance of two hundred feet, on an arm or bracket extending from such post, pillar or supporting column, or suspended from the superstructure. The striping and lighting of such posts, pillars, or supporting columns covered by this ordinance, shall be maintained to the satisfaction of the president of the borough."

The president of the borough had not directed that any light be placed upon this column. Plaintiffs contend that the corporate defendant should nevertheless have attached some form of illumination to the pillar. The court in its charge allowed the jury to find the Interborough Rapid Transit Company negligent in that regard

---

*Section 63, added by Laws of 1894, chap. 752. Renum. section 58 by Laws of 1915, chap. 604.— [REP.

even though it had complied with the ordinance in all respects. An exception raises the question of error.

The rapid transit company was not charged with the duty of lighting the public highway. That obligation rested upon the municipality. The structure had been made by statute a part of the public street. It was legally erected, having been constructed, not by the corporate defendant, but by the city of New York, pursuant to legislative authority. The facts thus differ from those present in *Stern* v. *International Railway Co.* (220 N. Y. 284), where the erection of center trolley poles rather than poles on the sidewalk was optional with defendants and the poles were so maintained despite the increase in traffic upon the street and the general disuse of center poles in other cities.

" These poles were not a municipal improvement. They were not planned and placed by the city. They were planned and placed by the railway. If their location was dangerous, and the danger was needless, they violated the implied condition of the franchise, and were in the highway without right " (p. 294).

Here the structure was erected by the city pursuant to specific legislative authority which made it a part of the highway itself. Under these circumstances it was error to hold the defendant rapid transit company liable even though the jury had found that it had fully complied with the ordinance. The ordinance itself inferentially permitted the lessee to abstain from placing lights on the column until directed so to do by the borough president. The evidence does not show a condition so manifestly dangerous that a failure on its part to attach a light to the permanent structure amounts to negligence.

The judgment appealed from should be affirmed as against defendant Herman, with costs, and reversed as against Interborough Rapid Transit Company, and the action severed and a new trial ordered as to said defendant, with costs to said appellant to abide the event.

FINCH, P. J., MERRELL and O'MALLEY, JJ., concur; TOWNLEY, J., dissents and votes for affirmance of judgment.

Judgment affirmed as to the defendant Armin Herman, with costs to the respondents against said defendant, and reversed as to the defendant Interborough Rapid Transit Company, and the action severed and a new trial ordered as to said defendant, with costs to said defendant, appellant, to abide the event.